EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Assistant U. S. Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii 96850
Tel. No. (808) 541-2850
Fax. No. (808) 541-2958
e-mail:  florence.nakakuni@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 01-00078 DAE -02 |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SUBMISSION |
| | ) | PURSUANT TO LIMITED AMELINE |
| vs. | ) | REMAND |
| | ) | |
| ROBIN HAUNANI RODRIGUES SABATINI,      (02) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

GOVERNMENT'S SUBMISSION
PURSUANT TO LIMITED AMELINE REMAND

On June 11, 2007, the Ninth Circuit issued its memorandum decision and judgment unanimously affirming all of Defendant Robin Haunani Rodrigues Sabatini's convictions for mail fraud, health care fraud, conspiracy to launder money, and laundering money.  The Court ordered a limited remand pursuant to United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir. 2005) (en

banc). The Court ordered "a limited remand for the sentencing judge to determine whether he would have imposed the same sentences if he had known the guidelines were advisory."

There is an extensive record in this case with which the Court is very familiar. There were numerous pre-trial motions, a lengthy trial in this case over which the Court presided and numerous post-trial motions. On October 6, 2003, the Court sentenced Defendant Sabatini 46 months imprisonment (consisting of 46 months as to Counts 1-50, and 56-100, all terms to run concurrently), and three years supervised release (consisting of three years as to Counts 1-50 and 56-100, all terms to run concurrently), and restitution of $377,503.63 jointly with co-defendant Gary Rodrigues.[1] The government requests that the Court impose the same sentence because the sentence was and is reasonable, taking into account the factors set forth in 18 U.S.C. § 3553(a).

Defendant Sabatini's criminal conduct mirrored her father and Co-Defendant Gary Rodrigues's criminal conduct with respect to UPW's Hawaii Dental Service dental plan and UPW's PGMA medical plan.

---

[1] At sentencing, Defendant Sabatini requested a downward adjustment for a minor or minimal role in the offense and moved for a downward departure based on a combination of factors, including diminished capacity, aberrant behavior, victim conduct and the burden the prosecution had imposed upon her. This Court denied Defendant Sabatini's motions.

<u>UPW's Hawaii Dental Service plan</u>.  Defendant Sabatini's criminal conduct took place over a long period of time, beginning from at least around February/March 1996.  In February 1996, Sabatini incorporated Four Winds RSK, Inc.  In around February 1996, Co-defendant Rodrigues instructed HDS to pay two years worth (1994 and 1995) of consulting fees "held" by HDS at Rodrigues's request.  Four Count 50 is a check dated December 19, 2000, in the amount of $6,000 from Management Applied Programming (MAP) (which received the money from HDS pursuant to instructions from VEBAH which contracted with HDS on behalf of UPW, as well as with Auli'i, Inc.) to Auli'i, Sabatini's new company created in April 1998.  In fact, Defendant Sabatini was working full-time at a Kauai accounting firm during 1996 and 1997 and was paid around $50,000 annually, as testified to by her then-employer and reflected in the Four Winds RSK records.  She used the consulting fees to pay herself a supplemental salary, fund her pension plan, pay family members' expenses and buy a new truck for her father and Co-defendant Gary Rodrigues in 1996, as reflected in IRS Agent Lance Okamoto's summaries.

In November 1997, the State Insurance Commissioner (in connection with the liquidation of PGMA) served a subpoena on Four Winds RSK, Inc. requesting records regarding PGMA.  In an effort to conceal the connection between Rodrigues (Defendant Sabatini was then known as Robin Rodrigues) and the "consultants"

on the union's benefits contracts because of bad publicity in a newspaper article, Sabatini -- using her new married name (her surname was Rodrigues until January 1998) and her middle name (Haunani) rather than her first name -- incorporated "Auli'i, Inc." in April 1998, and transferred all of Four Winds' assets to it.

From 1998 through 2000, Co-Defendant Rodrigues caused the HDS consulting fees to be paid to Auli'i, Inc. through a complicated, multi-tiered process. The payments to Auli'i (approximately $11,000 a month from July to December 1998 and a flat fee of $6,000 per month thereafter) were made through an intermediary, the Voluntary Employees Benefit Association of Hawaii or VEBAH, and a related entity, Management Applied Programming or MAP. While Defendant Sabatini's "consulting" compensation worked out to be approximately $100,000 per year for the first six months and $72,000 thereafter, the president of MAP (Garrett Ing) was paid about $80,000 annually, a fact which Ing, grudgingly acknowledged, on direct examination by the government. Co-Defendant Rodrigues was a director of VEBAH from approximately 1992 until he resigned in May 1998.

In an effort to create the appearance that she had performed consulting work in exchange for the payments, Sabatini began in 1998 to provide the president of VEBAH with "exception reports," which actually consisted of research done by UPW

4

employees (as testified to by witnesses including Jeanne Endo and Linda Smith). These monthly reports for which she was paid $11,000 a month and then $6,000 a month, averaged about 10 pages and were delivered anywhere from 60-90 days after the covered period, ostensibly identified discrepancies between electronic member data provided by UPW and information in VEBAH's possession. Sabatini also submitted a "research project" consisting of documents that had been prepared by UPW employees as testified to by Jeanne Endo, Dayton Nakanelua and Linda Smith.

<u>The PGMA Scheme</u>. From July 1995 through December 1996, PGMA provided medical benefits under UPW's health care benefit program under terms negotiated by Co-Defendant Rodrigues. Rodrigues caused Pacific Equity Growth and Management (PEGM), an affiliate of PGMA, to issue nine consulting fee checks totaling $146,361.32 to Four Winds RSK from May through December 1996. Defendant Sabatini and Four Winds RSK performed no consulting work for these payments. In fact, the first payment received by Four Winds, a check totaling $48,687.68, covered the period from August 1995 to February 1996. As noted above, Four Winds RSK did not exist until February 1996 and could not have performed consulting fees before then. Co-defendant Rodrigues did not inform the UPW State Executive Board or membership that he had directed payment of PGMA-related consulting fees to his

daughter's company or that his daughter was to be a consultant for UPW's PGMA plan.

Both the HDS and PGMA schemes took place over a period of time, and the HDS scheme became even more complicated over time. In the latter years of the HDS scheme, Defendant Sabatini took the trouble of appearing periodically at the UPW hall (as testified to by Jeanne endo, Dayton Nakanelua and Linda Smith) to make it appear she was doing work (i.e., the "exception reports"). The Court admitted a document faxed by Defendant Sabatini in January 2001, to a UPW employee asking about, among other things, month end reports run by UPW for its dental and medical plans, including out of balance accounts which are cleared by UPW staff members and asking the UPW employee when these reports are sent to Royal State (on whose Board Co-defendant Rodrigues was a director, as of the time of trial and which shared the same address, as VEBAH). Defendant Sabatini was asking these questions in 2001 by which time she had supposedly been doing this work, for a handsome fee, for years on UPW's behalf.

For the foregoing reasons, the government respectfully requests that the Court re-affirm the original sentence imposed

on Defendant Sabatani as it was a reasonable sentence, taking into account all the factors in 18 U.S.C. § 3553(a).

DATED: October 15, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Florence T. Nakakuni
_____
FLORENCE T. NAKAKUNI
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

Paul J. Cunney                                    October 15, 2007
Law Offices of Paul Cunney
Central Pacific Bank Building
220 S King St Ste 2290
Honolulu, HI 96813

Dennis P. Riordan                                 October 15, 2007
523 Octavia Street
San Francisco, CA 94102
(415) 431-3472

Served Electronically through CM/ECF:

Doron Weinberg   doronweinberg@aol.com    October 15, 2007

Eric A. Seitz    eseitzatty@yahoo.com     October 15, 2007

          DATED: October 15, 2007, at Honolulu, Hawaii.


                                    /s/ Patricia L. Redondo
                                    _____