IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 01-00078-02 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY WAYNE RODRIGUES, (01) | ) | |
| ROBIN HAUNANI RODRIGUES | ) | |
| SABATINI, (02) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER AFFIRMING SENTENCE OF DEFENDANT
ROBIN HAUNANI RODRIGUES SABATINI AND SETTING MITTIMUS

Pursuant to Local Rule 7.2(d) and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), and after reviewing the written submissions of counsel for both parties, this Court finds this matter suitable for disposition without a hearing. After carefully reviewing the record in this case, including the presentence report, sentencing statements, and the written submissions of counsel, this Court finds that had it known that the guidelines were advisory, rather than mandatory, at the time of the sentencing, it would have imposed the same sentence.

BACKGROUND

Following a jury trial, Defendant Sabatini was sentenced on December 9, 2003, for her convictions of mail fraud, health care fraud, money

laundering, and conspiracy. Defendant was sentenced to a term of imprisonment of 46 months as to each of Counts 1-50 and 56-100, all terms to run concurrently, and a term of supervised release of three years as to each of Counts 1-50 and 56-100, all terms to run concurrently.

Defendant's base level offense was 20 for her money laundering convictions. This Court adjusted the level upward by three levels based on the amount of money involved. This Court finds, as it did in the sentencing, whether expressed on the record or not, that the evidence against Defendant in support of this adjustment was and is overwhelming and sufficient to find beyond a reasonable doubt that Defendant laundered the specific amount of money at issue. The total offense level was therefore 23, with a corresponding sentencing range of 46 to 57 months. Defendant was sentenced at the low end of that range, i.e. - 46 months.

On December 16, 2003, Defendant Sabatini filed a notice of appeal. On June 11, 2007, the Ninth Circuit affirmed the jury's verdict and ordered a limited remand pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). The Ninth Circuit did not vacate Defendant's sentence and remand for a full resentencing. Instead, the Ninth Circuit specifically ordered "a limited remand for the sentencing judge to determine whether the [sic] he would have imposed the

same sentences if he had known the guidelines were advisory." United States v. Rodrigues, Nos. 03-10549, 04-10027, 2007 WL 1675012, at *4 (9th Cir. June 11, 2007.)  The Ninth Circuit denied Defendant's petition for rehearing and petition for rehearing en banc on August 21, 2007.  On September 24, 2007, the Ninth Circuit denied Defendant's motion for a stay of mandate.  The mandate was issued on September 27, 2007.

On September 28, 2007, this Court issued an order affirming the sentences.  On October 1, 2007, Defendant filed a motion to vacate that order because she had not yet filed a written submission regarding the limited remand.  This Court granted that motion on October 2, 2007, and vacated the previous order.  This Court ordered the parties to file their written submissions on October 15, 2007.  Pursuant to that order, on October 15, 2007, both the Government and Defendant Sabatini filed statements regarding the limited remand.  This Court has considered those statements and the sentence anew, without regard whatsoever to its previous order affirming the sentences.  This Court provided Defendant with a de novo review of her sentence and seriously considered the arguments set forth in her written submission.  This Court treated the vacated order as if it were never filed.

Defendant Sabatini requests that her sentence be reduced to 20 months. The Government requests that this Court impose the same sentence.

## DISCUSSION

Defendant argues that this Court must now endeavor to determine what sentence is sufficient but not greater than necessary to meet the objectives of 18 U.S.C. Section 3553. Defendant asserts that a sentence of 20 months is appropriate.

18 U.S.C. § 3553 sets forth the following factors, among others, for this Court to consider in imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

Defendant argues that this Court should impose a sentence less than 33 months based on her character, her role in the offense, and the fact that she has

led a fundamentally admirable life. Defendant presented letters from the community discussing her hard working, caring, and loving nature. Defendant also reminds this Court that it found that she was not an equal participant with her father, she did not initiate the conduct, and that her father should not have put the temptation in front of her.

Although this Court still feels the same way about Defendant's involvement in the offense as it did at the sentencing, this Court notes that it also still feels that Defendant became an active and willing participant and benefactor in the scheme to defraud and as an intelligent person who was a CPA, she certainly should have known better than to accept the funds. Accordingly, this Court does not find that a sentence of 20 months or a sentence less than 46 months is sufficient to achieve the goals of section 3553.

Defendant next argues that since the time of her sentencing, the guidelines have eliminated the base level for money laundering and instead refer to the offense from which the laundered funds were derived, which in this case would be fraud. Defendant asserts that under the guidelines in effect at the time of sentencing, the base level for fraud was six. Then adding adjustments for the amount of the loss ($200,000 to $400,000), and a conviction under 18 U.S.C.

§ 1956, the total offense level is 20. Defendant argues that no adjustment for the number of victims is appropriate since the victim is the UPW, which is one victim. An offense level of 20 and a criminal history category of I, results in a sentencing range of 33 to 41 months. Defendant argues that this Court should start with the level of 20, and adjust downward for a sentence of 20 months.

Although the guidelines have changed, it does not result in a more favorable total offense level for Defendant, as she argues. Indeed, using the November 1, 2006 Sentencing Guideline Manual, rather than the previous guidelines, Defendant's total offense level would be 28, rather than 23.[1] The major difference between Defendant's calculations and this Court's calculations is that Defendant asserts, without any support, that no upward adjustment should be made for the number of victims because the victim, if any, was the UPW. Defendant is

---

[1] The offense level for the underlying offense from which the laundered funds were derived is found in U.S.S.G. 2B1.1. The base offense level is six, pursuant to 2B1.1(a)(2), and a 12-level increase would be applied under 2B1.1(b)(1)(G) because the loss is more than $200,000 but less than $400,000. Under 2B1.1(b)(2)(C), a six-level increase is applied because the offense involved 250 or more victims. In this case the victims are identified as UPW and its entire membership. In the period ending December 2000, UPW boasted a membership of 15,517 workers. Thereafter, a two-level increase is applied under 2B1.1(b)(9) because the offense involved sophisticated means. Accordingly, the base offense level is 26. Once the base offense level is established under 2B1.1, a two-level increase under 2S1.1(b)(2)(B) is applied because Defendant was convicted under 18 U.S.C.§ 1956. The total offense level therefore would be 28.

mistaken. As stated in the Presentence Report, the victims in this case are identified as UPW, and its entire membership and in the period ending December 2000, UPW boasted a membership of 15,517 workers. Accordingly, an upward adjustment for numerous victims would be warranted. As the calculations under the new guidelines result in a total offense level that is five levels higher than the total offense level used for the sentencing, Defendant's argument that it would be more advantageous to her to use the new guidelines fails.

The <u>Ameline</u> case provides "[i]f the district court judge determines that the sentence imposed would not have differed materially had he been aware that the Guidelines were advisory, the district court judge should place on the record a decision not to resentence, with an appropriate explanation." 409 F.3d at 1084. As discussed above, this Court does not find that the sentence imposed would have differed materially. Accordingly, this Court will not resentence Defendant and HEREBY AFFIRMS the previous sentence.

## CONCLUSION

Applying a de novo standard after carefully reviewing the record in this case, including the presentence report, sentencing statements, downward departure motion, and written submissions of counsel, this Court finds that had it known that the guidelines were advisory, rather than mandatory, at the time of the

sentencing, for the reasons set forth above, it would have imposed the same sentence.  The Court felt at the time of the original sentencing that the sentence was clearly justified and reasonable in light of all the 18 U.S.C. § 3553 factors and the Court continues to feel so today.  For the reasons stated above, the Court AFFIRMS Defendant Sabatini's sentence in all respects.

The mandate having been issued by the Ninth Circuit, this Court finds no reason for further delay of the mittimus.  The Court HEREBY DIRECTS Defendant to self-surrender to the facility designated by the Bureau of Prisons no later than 2:00 p.m. on January 7, 2008, in order to permit the Bureau of Prisons time to designate a place for Defendant to serve her sentence.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 31, 2007.



_____
David Alan Ezra
United States District Judge

United States of America vs. Gary Wayne Rodrigues, et al., Cr. No. 01-00078-02 DAE; ORDER AFFIRMING SENTENCE OF DEFENDANT ROBIN HAUNANI RODRIGUES SABATINI AND SETTING MITTIMUS