FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2008 JUL 30  PM 3: 28

H. CHING
CLERK

KOBAYASHI, SUGITA & GODA
CLIFFORD K. HIGA          2950-0
WENDELL H. FUJI           4222-0
LANSON K. KUPAU           5687-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-3889
Telephone:  539-8700

Attorneys for Liquidator

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| J.P. SCHMIDT, in his capacity as Insurance Commissioner of the State of Hawaii,<br><br>               Petitioner,<br><br>     vs.<br><br>PACIFIC GROUP MEDICAL ASSOCIATION, a Mutual Benefit Society,<br><br>            Respondent. | S.P. NO. 97-135 EEH<br>(Special Proceeding)<br><br>LIQUIDATOR'S MOTION FOR ORDER AND FINAL JUDGMENT APPROVING LIQUIDATOR'S SETTLEMENTS WITH (1) FOUR WINDS RSK, INC., AULI'I, INC. AND ROBIN HAUNANI RODRIGUES SABATINI AND (2) UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF SPECIAL DEPUTY LIQUIDATOR PAUL S.K. YUEN; EXHIBITS "A" – "B"; NOTICE OF HEARING and CERTIFICATE OF SERVICE<br><br>HEARING:<br>Date:   SEP 1 7 2008<br>Time:   9:00 am<br><br>Judge:  Elizabeth E. Hifo<br><br>No Trial Set |

LIQUIDATOR'S MOTION FOR ORDER AND FINAL JUDGMENT
APPROVING LIQUIDATOR'S SETTLEMENTS WITH
(1) FOUR WINDS RSK, INC., AULI'I, INC. AND ROBIN HAUNANI RODRIGUES
SABATINI AND (2) UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO

# EXHIBIT 2

J. P. SCHMIDT, in his capacity as Liquidator ("Liquidator") and Trustee of the Pacific

Group Medical Association Liquidating Trust, ("PGMA"), by and through his attorneys,

Kobayashi, Sugita & Goda, hereby requests this Court to issue an Order and Final Judgment

approving the Liquidator's Settlements with (1) Four Winds RSK, Inc., Auli'i, Inc., and Robin

Haunani Rodrigues Sabatini, and (2) United Public Workers, AFSCME, Local 646, AFL-CIO

("UPW") attached hereto as Exhibits "A" and "B" respectively.

This motion is made pursuant to Rules 7 and 54(b) of the Hawaii Rules of Civil

Procedure and Rules 7 and 7.1 of the Rules of the Circuit Court of the State of Hawaii, and Haw.

Rev. Stat. § 431:15-310 and is supported by the attached Memorandum, declarations, exhibits,

and the records and files herein.

DATED:  Honolulu, Hawaii, July 30 , 2008.

WENDELL H. FUJI
CLIFFORD K. HIGA
LANSON K. KUPAU
Attorneys for Plaintiff

2

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| J.P. SCHMIDT, in his capacity as Insurance Commissioner of the State of Hawaii, | ) ) ) | S.P. NO. 97-135 EEH (Special Proceeding) |
| Petitioner, | ) ) | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | ) ) | |
| PACIFIC GROUP MEDICAL ASSOCIATION, a Mutual Benefit Society, | ) ) ) | |
| Respondent. | ) ) ) | |

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

The above-entitled consolidated action arises from the financial collapse of the PACIFIC GROUP MEDICAL ASSOCIATION ("PGMA") in December 1997, resulting in over $17 million in claims.  Since 1997, the Liquidator has pursued various parties who contributed to PGMA's failure, including PGMA's former officers, directors, professionals and other individuals.  During eleven years of litigation, J.P. SCHMIDT, in his capacity as Liquidator of PGMA ("Liquidator") had settled, dismissed and/or resolved all claims against all parties with the exception of his claims against FOUR WINDS RSK, INC., AULI'I, INC. and ROBIN HAUNANI RODRIGUES SABATINI (collectively, "Four Winds") and Four Winds' claims against the United Public Workers, AFSCME, Local 646, AFL-CIO ("UPW").

The Liquidator has now settled the claims against Four Winds and UPW and seeks this Court's Order and Final Judgment approving the referenced settlements, attached hereto as Exhibits "A" and "B."

## II.    BACKGROUND

1.  PGMA, a mutual benefit society, provided pre-paid medical coverage to its members and policyholders in the State of Hawaii.

2.  As a result of its insolvency, PGMA was placed into liquidation proceeding on December 9, 1997 pursuant to Haw. Rev. Stat., Chapter 431, Article 15.

3.  The Liquidator filed an initial action, Civil No. 97-5273-12, against PGMA's former officers and directors on December 30, 1997. In response, the officers and directors filed third-party actions against PGMA's former professionals and other entities and individuals for *inter alia* contribution and indemnification.

4.  On December 3, 1999, the Liquidator filed a second action, Civil No. 99-4504-12, against various individuals and entities who were in some manner also responsible for PGMA's failure. Many of these same individuals and entities were identical to those named as third-party defendants in Civil No. 97-5273-12. Since both actions involved similar, if not identical parties, law and facts, they were consolidated by this Court's Order Granting Liquidator's Motion to Consolidate Civil No. 99-4504-12 and Civil 97-5273-12 for All Purposes filed herein on September 14, 2000 ("Consolidated Action").

5.  Pursuant to an Order issued by this Court on October 30, 2000, most of the parties to the Consolidated Action participated in mediation with James Ventura, Esq. during the week of March 16, 2001. As a result of extensive settlement negotiations, the Liquidator was able to reach settlement agreements with many of the defendants in the Consolidated Action.

6.  The conclusion of protracted settlement negotiations, mediation, arbitration and litigation with many of the defendants named in the Consolidated Action, including an affirmed judgment by the appellate court in favor of the Liquidator against Pacific Benefit Services, Inc. filed on May 31, 2006, resulted in the settlement and/or resolution of all claims against the defendants in the Consolidated Action with the exception of the claims against Four Winds and Aulii.

7.  Resolution of the claims against Four Winds was stalled for several years as the result of the federal prosecution and appeal against Sabatini and her father Gary Rodrigues entitled *United States of America v. Gary Wayne Rodrigues and Robin Haunani Rodrigues Sabatini*, Cr. No. 1-00078 SOM ("Criminal Action").

8.  Several of the claims asserted by the federal government against Sabatini in the Criminal Action were similar to the claims asserted by the Liquidator against Four Winds and Aulii.

9.  On November 19, 2002, the federal government obtained multiple convictions against Sabatini and her father in the Criminal Action. On December 9, 2003, the federal court sentenced Sabatini to 46 months incarceration and ordered her and her father to be jointly liable in restitution to UPW in the amount f $377,503.63. Sabatini and/or her father deposited the

ordered amount with First Hawaiian Bank pending their respective appeals ("Restitution Funds").

10. Because the Criminal Action and the Consolidated Action involved similar claims, Four Winds and Aulii filed a First Amended Third-Party Complaint against UPW in the Consolidated Action on May 18, 2004 essentially claiming that a judgment against Four Winds would placed Sabatini in the potential position of having to pay for the same claim twice.

11. Further, because the initial claims against Four Winds and Aulii did not involve Sabatani, individually, on October 24, 2006, the Liquidator filed a Third Amended Complaint in the Consolidated Action specifically asserting claims against Sabatini.

12. Given the lack of financial resources by Sabatini and her companies, the Liquidator entered into a settlement agreement with Four Winds, Aulii and Sabatini, attached hereto as Exhibit "A," ("Four Winds Settlement"). On March 15, 2007, the court in the Consolidated Action entered an Order granting the Liquidator's Petition for Good Faith Determination of the settlement.

13. In the Four Winds Settlement, Four Winds assigned any claim it had against UPW to the Liquidator. Four Winds also entered into a stipulated judgment in favor of the Liquidator subject to the restitution deposit with the federal court in the Criminal Action.

14. In June 2008, the Liquidator and UPW entered into a settlement attached hereto as Exhibit "B," ("UPW Settlement"). In exchange for a dismissal of the Consolidated Action, UPW agreed to pay the Liquidator $20,000.00 from the Restitution Funds paid by Sabatini and/or her father.

## III.    DISCUSSION

As stated herein, the Liquidator requests that this Court grant the pending Motion and enter an Order and Final Judgment approving the settlements entered into with Four Winds and UPW. Pursuant to Haw. Rev. Stat., § 431:15-310(a)(6)(B), the Liquidator has the power to compromise debts for the purpose of collection upon such terms and conditions as the Liquidator deems best. As reflected therein, the Liquidator's authority, however, is not unfettered as Article 15 provides that this Court exercise general supervisory powers over the liquidation proceeding. *See* Haw. Rev. Stat., § 431:15-307.

In the present situation, the Liquidator submits that the referenced settlements are in the best interest of the PGMA estate and its claimants. Based on the legal fees expended to date,

anticipated legal fees and costs to proceed through litigation, the likelihood of success, and the best interests of the PGMA estate, the Liquidator decided to settle his claims against Four Winds and UPW and bring final closure to the Consolidated Action. Closure of the Consolidated Action will permit the Liquidator to make a final distribution to the claimants in accordance with the schedules and priorities set forth in Haw. Rev. Stat., § 431:15-332 and ultimately terminate the liquidation proceedings herein.

Based on the foregoing, the Liquidator also submits that there is no just reason to delay any approval of the settlements as a Final Order and Judgment in accordance with the provisions of Rule 54(b) of the Hawaii Rules of Civil Procedure. Certification and approval of the settlements will allow the Liquidator to achieve finality with respect to all claims referenced in the settlements.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff J. P. SCHMIDT, in his capacity as Liquidator and Trustee of the Pacific Group Medical Association Liquidating Trust, respectfully requests that this Court find that the settlements referenced herein and attached hereto as Exhibits "A" and "B" are in the best interests of the PGMA estate and grant his Motion in its entirety.

DATED:  Honolulu, Hawaii, July 30 , 2008.

WENDELL H. FUJI
CLIFFORD K. HIGA
LANSON K. KUPAU

Attorneys for Liquidator

6

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| J.P. SCHMIDT, in his capacity as Insurance Commissioner of the State of Hawaii, | ) ) ) | S.P. NO.  97-135 EEH (Special Proceeding) |
| Petitioner, | ) ) | DECLARATION OF SPECIAL DEPUTY LIQUIDATOR PAUL S.K. YUEN |
| vs. | ) ) | |
| PACIFIC GROUP MEDICAL ASSOCIATION, a Mutual Benefit Society, | ) ) ) | |
| Respondent. | ) ) ) | |
| | ) | |

DECLARATION OF SPECIAL DEPUTY LIQUIDATOR PAUL S.K. YUEN

PAUL S.K. YUEN declares as follows:

1.  I am the duly appointed Special Deputy Liquidator of the Pacific Group Medical Association ("PGMA") in liquidation and hereby affirm that the statements contained in the present Motion are true and correct to the best of my knowledge and information.  Declarant was appointed special deputy liquidator by former Insurance Commissioner, Wayne C. Metcalf, III, on September 23, 1999.

2.  On December 9, 1997, PGMA, a mutual benefit society, was placed into liquidation pursuant to Haw. Rev. Stat., Chapter 431, Article 15, in the Circuit Court of the First Circuit, State of Hawaii entitled *J.P. Schmidt, in his capacity as Insurance Commissioner of the State of Hawaii vs. Pacific Group Medical Association*, S.P. No. 97-135 EEH ("Liquidation Court")

3.  Pursuant to the powers granted to him in Haw. Rev. Stat., Chapter 431, Article 15, the Liquidator is authorized to enter into the settlements on behalf of all creditors and policyholders of PGMA such as the settlements referenced in the attached Motion and attached thereto as

Exhibits "A" and "B" between the Liquidator and (1) Four Winds RSK, Inc., Aulii, Inc. and

Robin Haunani Rodrigues Sabatini (collectively, "Four Winds") and (2) the United Public

Workers, AFSCME, Local 646, AFL-CIO ("UPW").

4.    Based on the following information, Declarant determined that the settlements

referenced settlements herein were in the best interests of the policy holders and creditors of the

PGMA estate based on the following factors:

(1)  The financial condition of Ms. Sabatini, Four Winds RSK, Inc. and Aulii, Inc. as evidenced by Ms. Sabatini's declaration, which was provided to the Liquidator;

(2)  The damages sought ($146,361.32) on behalf of the Estate;

(3)  The costs to prosecute the Liquidator's claims against Four Winds RSK, Inc., Aulii, Inc., Ms. Sabatini and UPW, including appeals and potential re-trial;

(4)  The lack of availability of insurance coverage;

(5)  The probability of success on such claims;

(6)  The likelihood of collecting any such judgment that may be rendered;

(7)  The Liquidator's incurred legal expenses to date.

(8)  The fact that the restitution in the Criminal Action was awarded to UPW by Judge David Ezra, not the PGMA estate.

5.    In addition to the foregoing, the settlements were negotiated at arms-length with all

parties represented by experienced counsel.

6.    Attached hereto as Exhibit "A" is a true and correct copy of the Settlement and

Release Agreement between J.P. Schmidt, in his capacity as Liquidator and Trustee of the

PGMA Liquidating Trust and Four Winds RSK, Inc., Auli'i, Inc. and Robin Haunani Rodriques

Sabatini.

7.  Attached hereto as Exhibit "B" is a true and correct copy of the Settlement and Release Agreement between J.P. Schmidt, in his capacity as Liquidator and Trustee of the PGMA Liquidating Trust and United Public Workers, AFSCME, Local 646, AFL-CIO.

8.  Based on the foregoing, I respectfully request that this court grant the present Motion in its entirety.

I declare under penalty of law that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, July ____29____, 2008.

PAUL S.K. YUEN
Special Deputy Liquidator

## SETTLEMENT AND RELEASE AGREEMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** ("Agreement") is made and entered into on November 30, 2006, by and between J. P. Schmidt, in his capacity as Liquidator and Trustee of the PGMA Liquidating Trust ("Liquidator") on the one hand and Four Wind RSK, Inc. ("Four Winds") and Aulii, Inc. ("Aulii") and Robin Haunani Rodrigues Sabatini ("Ms. Sabatini") on the other hand (collectively referred to as "the Parties), with reference to the following facts and circumstances.

### RECITALS

**WHEREAS**, on December 9, 1997, Pacific Group Medical Association ("PGMA"), a mutual benefit society, was placed into liquidation pursuant to Haw. Rev. Stat., Chapter 431, Article 15, in the Circuit Court of the First Circuit, State of Hawaii entitled *J.P. Schmidt, in his capacity as Insurance Commissioner of the State of Hawaii vs. Pacific Group Medical Association*, S.P. No. 97-135 (EEH).

**WHEREAS**, on or about October 24, 2006, the Liquidator filed a Third Amended Complaint in a consolidated action entitled *JP. Schmidt, in his capacity as Liquidator and Trustee of the Pacific Group Medical Association Liquidating Trust vs. Henry Akiu, Jr. et al*, Civil No. 97-5273-12, and *JP. Schmidt, in his capacity as Liquidator and Trustee of the Pacific Group Medical Association Liquidating Trust vs. Peter Posang Wong et al.* Civil No. 99-4504-12 RWP, Circuit Court of the First Circuit, State of Hawaii, wherein the Liquidator alleged claims against Four Winds, Aulii and Ms. Sabatini, as more specifically described in Counts 40 through 42 and Count 81 therein, which is incorporated herein by reference ("State Action").

**WHEREAS**, Four Winds and Aulii are Hawaii corporations, which are solely owned and controlled by Ms. Sabatini.

**EXHIBIT A**

WHEREAS, on December 19, 2001, the Office of the U.S. Attorney filed a First Superseding Indictment ("Indictment") against Gary W. Rodrigues ("Mr. Rodrigues") and Ms. Sabatini, in the United States District Court, District of Hawaii, entitled *United States of America v. Gary Wayne Rodrigues and Robin Haunani Rodrigues Sabatini*, Cr. No. 1-00078 SOM ("Criminal Case").

WHEREAS, the allegations asserted in Count 56 of the federal Indictment paralleled the claims prosecuted by the Liquidator in Paragraphs 40 through 42 of the Third Amended Complaint.

WHEREAS, on November 19, 2002, the federal government was successful in obtaining multiple convictions against Mr. Rodrigues and Mr. Sabatini for, *inter alia*, their roles in defrauding UPW and PGMA.

WHEREAS, on December 9, 2003, the federal court sentenced Ms. Sabatini to 46 months imprisonment and ordered her to be jointly and severally liable in restitution with her father to the UPW in the amount of $377,503.63. Ms. Sabatini's conviction is currently being appealed.

WHEREAS, on or about July 29, 2004, Ms. Sabatini and or Mr. Rodrigues deposited with the clerk of the federal court the ordered restitution in the amount of $377,503.63 ("Restitution Funds"). The Restitution Funds shall be so identified despite transfer to the United Public Workers, AFSCME, Local 646, AFL-CIO and/or retrial, subsequent conviction and order of restitution in the federal criminal matter.

WHEREAS, the Parties desire to resolve and settle all disputes. claims, controversies, causes of action, liability and/or issues between them relating to the Third Amended Complaint in accordance with the terms and conditions of this Agreement as set forth hereinbelow.

NOW THEREFORE, in consideration of the foregoing recitals, which are incorporated herein by reference as if fully restated, and for other good and valuable consideration, the sufficiency of which are hereby acknowledged, the Parties agree as follows:

## 1.    SETTLEMENT FUNDS

**1.1**    The Liquidator agrees to accept as full and final payment the amount of ONE HUNDRED FORTY-SIX THOUSAND THREE HUNDRED SIXTY ONE AND 32/100 DOLLARS ($146,361.32) ("Settlement Funds") for any and all claims alleged in the Third Amended Complaint against Four Winds, Aulii and/or Ms. Sabatini or as otherwise determined by the court in the State Action.

**1.2**    The Liquidator further agrees that the source of the Settlement Funds shall be limited solely to the Restitution Funds, and the Liquidator may not collect said funds from any other resource or asset, whether fixed, contingent or otherwise, of Four Winds and/or Aulii and/or Ms. Sabatini.

## 2.    COOPERATION BY MS. SABATINI

**2.1**    Ms. Sabatini, on behalf of Four Winds and/or Aulii, agrees to fully and completely cooperate with the Liquidator and his counsel, but only following the final resolution of the Criminal Case against all parties named therein, in the prosecution of the claims asserted by the Liquidator to secure the Settlement Funds from the Restitution Funds, including but not limited to (1) providing truthful testimony in the forms of declarations, affidavits or live testimony in court or oral depositions; (2) providing all foundational testimony in the forms of affidavits, declarations or live testimony to support the authenticity and admissibility of evidence to support the Liquidator's claims; and (3) all other reasonable requests by the Liquidator.

## 3.    VERDICT FORM

3

**3.1**    Four Winds, Aulii and/or MS. Sabatini agree that they and/or each of them shall be included in and identified on any special or other designated verdict form in the State Action for purposes of apportionment of liability.

4.    **STIPULATION**

**4.1**    Four Winds, Aulii and MS. Sabatini agree to the entry of a Stipulated Judgment in the amount of the Settlement Funds in favor of the Liquidator in the State Action as to all counts alleged against them and/or each of them in the Third Amended Complaint as more specifically described in Exhibit "A." Four Winds, Aulii, and Ms. Sabatini agree that the Stipulated Judgment entered into in the State Action shall be binding upon them in the State Action as well as all subsequent proceedings, including but not limited to re-trials, remands, reversals and appeals.

5.    **ASSIGNMENT**

**5.1**    Four Winds Aulii and/or Ms. Sabatini agree to assign any and all of their rights and claims against the United Public Workers, AFSCME, Local 646, AFL-CIO ("UPW"), as more particularly described in their First Amended Third-Party Complaint against the UPW filed in the State Action on May 18, 2004.

6.    **MUTUAL AND GENERAL RELEASE.**

**6.1**    The Parties hereby release and discharge each other and their respective officers, directors, employees, attorneys, agents, servants, heirs, administrators, executors, successors, representatives and assigns, jointly and severally, free and harmless from and against any and all claims, rights, debts, demands, acts, agreements, liabilities, obligations, damages, costs, fees (including without limitation, attorneys fees), expenses, actions and/or causes of action of every nature, character and description, whether known or unknown, suspected or unsuspected, which the Parties hereto, or any of them, now own or hold, or have at any time

4

heretofore owned or held, or may at any time hereafter own or hold, except as otherwise provided herein.

6.2    Further, the Liquidator agrees that in the event he is unable to secure the Settlement Funds from the Restitution Funds or in the event Ms. Sabatini ultimately prevails in her appeal (which does not constitute a retrial and subsequent conviction) in the Criminal Case described hereinabove, he waives and releases any and all claims to pursue Four Winds, Aulii and/or Ms. Sabatini for the Settlement Funds. In the event there is a retrial of the Criminal Case and a subsequent conviction results, this Agreement shall also apply to the ultimate disposition of subsequently deposited Restitution Funds.

7.    **AGREEMENT SUBJECT TO COURT APPROVALS.**

7.1    This Agreement is conditioned on, and subject to, approval as evidenced by an order issued by the Circuit Court of the First Circuit, State of Hawaii, in S.P. No. 97-135.

7.2    This Agreement is only effective upon issuance of the approval and order referred to in subsections 7.1 above.

7.3    The Parties hereto agree to, and will, jointly support the motion to be filed in court pursuant to subsection 7.1 consistent with the terms of this Agreement.

8.    **REPRESENTATIONS AND WARRANTIES.** The Parties represent and warrant to, and agree with, each other as follows:

8.1    **Independent Legal Counsel.** Each Party has received independent legal advice from attorneys of their choice with respect to the advisability of entering into this Agreement and giving the releases and consideration provided herein.

8.2    **No Reliance on Matters Not Expressed in the Agreement.** In connection with the execution of this Agreement, neither Party has relied upon any statement,

5

representation, promise or inducement of any other person or Party not expressly contained herein.

**8.3    Entire Agreement.** This Agreement contains the entire agreement of the Parties. There are no agreements or understandings between Parties hereto relating to the matters and releases referred to in this Agreement other than those set forth herein.

**8.4    Agreement Final and Binding.** This Agreement is the final and binding expression of the Parties. It is intended to be effective as a full and final accord and satisfaction regardless of any claim of fraud, misrepresentation, concealment of fact, mistake of fact or law, duress, or any other circumstance whatsoever, except as otherwise provided for herein. Each Party agrees that from the date of this Agreement, any and all rights and/or liabilities existing between the Parties shall arise solely out of the terms, provisions, representations and warranties contained herein.

**8.5    Independent Investigation.** The Parties hereto and their counsel have made such investigations of facts and matters as they deem necessary and neither Party relies upon promises or representations by any other person or Party with respect to any such matter.

**8.6    Agreement Jointly Drafted.** The terms of this Agreement are contractual and are the result of negotiations among the Parties. Each Party has co-operated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against either Party.

**8.7    Agreement Understood and Freely Executed by Each Party.** This Agreement has been **carefully** read by each of the Parties and the contents thereof are known and understood by each of the Parties. This Agreement is signed by each Party executing it.

**8.8    Agreement Is Not an Admission and Bars Future Suits.** This settlement shall not constitute an admission by Four Winds, Aulii and/or Sabatini regarding any allegations of the Complaint but is only a compromise of a disputed lawsuit. Each Party covenants and agrees not to bring any action, claim or proceeding against any Party hereto directly or indirectly regarding or relating to the matters released hereby, and each further covenants and agrees that this Agreement is a bar to any such claim, action, suit or proceeding, except any action by the Liquidator to obtain the Restitution Funds in accordance with the foregoing.

9.    **COVENANT RE: ASSIGNMENT.** The Parties hereto represent and warrant to each other that each is the sole and lawful owner of all rights, title and interest in and to every claim and other matter which each purports to release herein, and that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person, firm, association, corporation or other entity, right, title or interest in any such claim or other matter.

10.    **SURVIVAL OF WARRANTIES.** The representations and warranties contained in this Agreement are deemed to and do survive the closing hereof.

11.    **AGREEMENT BINDING ON SUCCESSORS.** This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective officers, directors, employees, attorneys, agents, servants, heirs, administrators, executors, successors, representatives and assigns.

12.    **ATTORNEYS FEES.** The Parties hereto agree to pay their own costs and attorneys fees except as necessary to enforce this Agreement. In such event, the prevailing Party is entitled to collect his reasonable attorneys fees and any costs of enforcement.

13.    **ENFORCEMENT.** Except as otherwise provided herein, any action, suit or other proceeding to enforce or interpret this Agreement shall be maintained in the Circuit Court of the First Circuit, State of Hawaii. The Parties herein specifically agree to submit to the jurisdiction

of the aforementioned court. It is further agreed that said court shall retain continuing jurisdiction to enforce this Agreement for its term.

14.    **COOPERATION.** The Parties agree that if further documents, instruments or other matters need to be executed, drafted or carried out in order to fulfill the obligations of the Parties hereunder, each Party will cooperate with the other Party, or their authorized agents, in order to complete or carry-out the terms and conditions of this Agreement, except that such cooperation shall not be forthcoming from Four Winds and/or Aulii and/or Sabatini until final resolution of the Criminal Case.

15.    **SEVERABILITY.** Should any portion of this Agreement be held null, void or voidable, said portion shall be severed herefrom, and the rest of this Agreement shall be unaffected thereby.

16.    **CAPTIONS AND COUNTERPARTS.** The paragraph headings contained herein are for convenience of reference only and shall not be construed to be a part of the Agreement. This Agreement may be executed in one or more counterparts, each of which when executed and delivered by facsimile transmission shall be an original, and all of which when executed shall constitute a signature on and the same instrument.

17.    **GOVERNING LAW.** Except as otherwise provided herein, this Agreement shall be construed in accordance with and be governed by the laws of the State of Hawaii, and the Parties agree to submit to the jurisdiction of First Circuit Court of the State of Hawaii.

/

/

/

/

/

8

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as set forth

below:

J.P. SCHMIDT, in his capacity as
Liquidator and Trustee of the PGMA
Liquidating Trust

Date: 12/19/06

ROBIN H.R. SABATINI, President and
authorized representative of
FOUR WIND RSK, INC.

Date: 12/18/06

ROBIN H.R. SABATINI, President and
authorized representative of AULII, INC.

Date: 12/18/06

ROBIN H.R. SABATINI, individually

Date: 12/18/06


**APPROVED AS TO FORM:**


MERIT BENNETT, ESQ.
Attorney for Defendants and Third-Party
Plaintiffs FOUR WINDS RSK, INC.
and AULII, INC.

Date: 12/18/06


WENDELL H. FUJI, ESQ.
CLIFFORD K. HIGA, ESQ.
LANSON K. KUPAU, ESQ.
Attorneys for Plaintiff J.P. SCHMIDT,
in his capacity as Liquidator and Trustee
of the PGMA Liquidating Trust

Date: 12/18/06

## SETTLEMENT AND RELEASE AGREEMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** ("Agreement") is made and entered into by and between **J. P. SCHMIDT**, in his capacity as Liquidator and Trustee of the PGMA Liquidating Trust ("Liquidator") on the one hand and **UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO** ("UPW") on the other hand (collectively referred to as "the Parties).

### RECITALS

**WHEREAS**, on December 9, 1997, Pacific Group Medical Association ("PGMA"), a mutual benefit society, was placed into liquidation pursuant to Haw. Rev. Stat., Chapter 431, Article 15, in the Circuit Court of the First Circuit, State of Hawaii, entitled <u>J.P. Schmidt, in his capacity as Insurance Commissioner of the State of Hawaii vs. Pacific Group Medical Association</u>, S.P. No. 97-135 (EEH) ("Liquidation Court").

**WHEREAS**, in 1997, the Liquidator brought suit against individuals and entities for the failure of PGMA, which was later consolidated into <u>J.P. Schmidt, in his capacity as Liquidator and Trustee of the Pacific Group Medical Association Liquidating Trust vs. Henry Akiu, Jr. et al</u>, Civil No. 97-5273-12, and <u>J.P. Schmidt, in his capacity as Liquidator and Trustee of the Pacific Group Medical Association Liquidating Trust vs. Peter Posang Wong et al</u>. Civil No. 99-4504-12 RWP, Circuit Court of the First Circuit, State of Hawaii ("Civil Action"). Included therein, was an action against FOUR WINDS RSK, INC. ("Four Winds"), AULII, INC., ("Aulii") and ROBIN RODRIGUES SABATINI ("Sabatini") (collectively, "Four Winds"). Sabatini solely owned Four Winds and Aulii.

**WHEREAS**, on December 19, 2001, the Office of the U.S. Attorney filed a First Superseding Indictment ("Indictment") against GARY W. RODRIGUES (Sabatini's father and former head of UPW) and Sabatini, in the United States District Court, District of Hawaii,

**EXHIBIT B**

entitled <u>United States of America v. Gary Wayne Rodrigues and Robin Haunani Rodrigues Sabatini</u>, Cr. No. 1-00078 SOM ("Criminal Action") for, *inter alia*, their roles in defrauding UPW and PGMA.

WHEREAS, on November 19, 2002, the federal government was successful in obtaining multiple convictions against Rodrigues and Sabatini.

WHEREAS, on December 9, 2003, the federal court sentenced Sabatini to 46 months imprisonment and ordered her to be jointly and severally liable in restitution with her father to the UPW in the amount of $377,503.63. The convictions have been upheld and all appeals have been exhausted. Rodrigues and Sabatini started serving their sentences in January 2008.

WHEREAS, on or about July 29, 2004, Sabatini and/or Rodrigues deposited with the clerk of the federal court the ordered restitution in the amount of $377,503.63 ("Restitution Funds").

WHEREAS, on May 18, 2004, Four Winds filed a First Amended Third-Party Complaint and Request for Declaratory Relief against UPW in the Civil Action.

WHEREAS, on October 24, 2006, the Liquidator filed a Third Amended Complaint in the Civil Action, which alleged certain claims against Sabatini. The claims alleged by the Liquidator were similar to the criminal charges against Sabatini in the Criminal Case.

WHEREAS, on March 15, 2007, the Court in the Civil Action entered an Order Granting Liquidator's Petition for Good Faith Determination of Settlement with Defendants Four Winds, Aulii and Sabatini. The settlement with Four Winds involved, *inter alia*, a stipulated judgment in favor of the Liquidator and an assignment of Four Winds' claims in the Civil Action against UPW.

**WHEREAS**, the Parties desire to resolve and settle all disputes. claims, controversies, causes of action, liability and/or issues between them relating to the Civil Action in accordance with the terms and conditions of this Agreement as set forth hereinbelow.

**NOW THEREFORE**, in consideration of the foregoing recitals, which are incorporated herein by reference as if fully restated, and for other good and valuable consideration, the sufficiency of which are hereby acknowledged, the Parties agree as follows:

## 1.    SETTLEMENT FUNDS

**1.1**    Upon receipt of the Restitution Funds from the Court in the Criminal Action, UPW shall pay the Liquidator TWENTY THOUSAND AND NO/100 ($20,000.00) within two (2) weeks therefrom ("Settlement Funds").

**1.2**    If Rodrigues and/or Sabatini are permitted by the federal authorities to make payment of the Restitution Funds on a periodic basis, then UPW shall pay the Liquidator the Settlement Funds on a pro rata basis within two (2) weeks of receipt of said periodic payments until Settlement Funds are paid in full.

**1.3**    UPW shall retain the remaining balance of the Restitution Funds.

## 2.    STIPULATION

**2.1**    Upon the full execution of this Agreement by the Parties and the satisfaction of Section 4 herein, the Parties agree to execute a Stipulation for Dismissal with Prejudice of the Liquidator's Third Amended Complaint and cooperate with each other to facilitate the dismissal with prejudice of Four Winds' First Amended Third Party Complaint against UPW. The result shall be a dismissal of all claims against all defendants and a complete resolution of the Civil Action.

3.    **MUTUAL AND GENERAL RELEASE.**

3.1    The Parties hereby release and discharge each other and their respective officers, directors, employees, attorneys, agents, servants, heirs, administrators, executors, successors, representatives and assigns, jointly and severally, free and harmless from and against any and all claims, rights, debts, demands, acts, agreements, liabilities, obligations, damages, costs, fees (including without limitation, attorneys fees), expenses, actions and/or causes of action of every nature, character and description, whether known or unknown, suspected or unsuspected, which the Parties hereto, or any of them, now own or hold, or have at any time heretofore owned or held, or may at any time hereafter own or hold, except as otherwise provided herein.

4.    **AGREEMENT SUBJECT TO COURT APPROVALS.**

4.1    This Agreement is conditioned on, and subject to, approval as evidenced by an order issued by the Circuit Court of the First Circuit, State of Hawaii, in both the Civil Action and by the Liquidation Court and the passage of all applicable appeal periods.

4.2    This Agreement is only effective upon issuance of the approvals and orders referred to in subsection 4.1 above.

4.3    The Parties hereto agree to, and will, jointly support the motions to be filed in court pursuant to subsection 4.1 consistent with the terms of this Agreement.

5.    **REPRESENTATIONS AND WARRANTIES.** The Parties represent and warrant to, and agree with, each other as follows:

5.1    **Independent Legal Counsel.** Each Party has received independent legal advice from attorneys of their choice with respect to the advisability of entering into this Agreement and giving the releases and consideration provided herein.

**5.2    No Reliance on Matters Not Expressed in the Agreement.** In connection with the execution of this Agreement, neither Party has relied upon any statement, representation, promise or inducement of any other person or Party not expressly contained herein.

**5.3    Entire Agreement.** This Agreement contains the entire agreement of the Parties. There are no agreements or understandings between Parties hereto relating to the matters and releases referred to in this Agreement other than those set forth herein.

**5.4    Agreement Final and Binding.** This Agreement is the final and binding expression of the Parties. It is intended to be effective as a full and final accord and satisfaction regardless of any claim of fraud, misrepresentation, concealment of fact, mistake of fact or law, duress, or any other circumstance whatsoever, except as otherwise provided for herein. Each Party agrees that from the date of this Agreement, any and all rights and/or liabilities existing between the Parties shall arise solely out of the terms, provisions, representations and warranties contained herein.

**5.5    Independent Investigation.** The Parties hereto and their counsel have made such investigations of facts and matters as they deem necessary and neither Party relies upon promises or representations by any other person or Party with respect to any such matter.

**5.6    Agreement Jointly Drafted.** The terms of this Agreement are contractual and are the result of negotiations among the Parties. Each Party has co-operated in the drafting and preparation of this Agreement.  Hence, in any construction to be made of this Agreement, the same shall not be construed against either Party.

**5.7    Agreement Understood and Freely Executed by Each Party.** This Agreement has been **carefully** read by each of the Parties and the contents thereof are known and understood by each of the Parties. This Agreement is signed by each Party executing it.

**5.8    Agreement Is Not an Admission and Bars Future Suits**. This settlement shall not constitute an admission by UPW regarding any allegations of the First Amended Third Party Complaint but is only a compromise of a disputed lawsuit. Each Party covenants and agrees not to bring any action, claim or proceeding against any Party hereto directly or indirectly regarding or relating to the matters released hereby, and each further covenants and agrees that this Agreement is a bar to any such claim, action, suit or proceeding, except any action to enforce this Agreement.

6.    **COVENANT RE: ASSIGNMENT.** The Parties hereto represent and warrant to each other that each is the sole and lawful owner of all rights, title and interest in and to every claim and other matter which each purports to release herein, and that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person, firm, association, corporation or other entity, right, title or interest in any such claim or other matter.

7.    **SURVIVAL OF WARRANTIES.** The representations and warranties contained in this Agreement are deemed to and do survive the closing hereof.

8.    **AGREEMENT BINDING ON SUCCESSORS.** This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective officers, directors, employees, attorneys, agents, servants, heirs, administrators, executors, successors, representatives and assigns.

9.    **ATTORNEYS FEES.** The Parties hereto agree to pay their own costs and attorneys fees except as necessary to enforce this Agreement. In such event, the prevailing Party is entitled to collect his reasonable attorneys fees and any costs of enforcement.

10.    **ENFORCEMENT.** Except as otherwise provided herein, any action, suit or other proceeding to enforce or interpret this Agreement shall be maintained in the Circuit Court of the First Circuit, State of Hawaii. The Parties herein specifically agree to submit to the jurisdiction

of the aforementioned court. It is further agreed that said court shall retain continuing jurisdiction to enforce this Agreement for its term.

11.    **COOPERATION.** The Parties agree that if further documents, instruments or other matters need to be executed, drafted or carried out in order to fulfill the obligations of the Parties hereunder, each Party will cooperate with the other Party, or their authorized agents, in order to complete or carry-out the terms and conditions of this Agreement.

12.    **SEVERABILITY.** Should any portion of this Agreement be held null, void or voidable, said portion shall be severed herefrom, and the rest of this Agreement shall be unaffected thereby.

13.    **CAPTIONS AND COUNTERPARTS.** The paragraph headings contained herein are for convenience of reference only and shall not be construed to be a part of the Agreement. This Agreement may be executed in one or more counterparts, each of which when executed and delivered by facsimile transmission shall be an original, and all of which when executed shall constitute a signature on and the same instrument.

14.    **GOVERNING LAW.** Except as otherwise provided herein, this Agreement shall be construed in accordance with and be governed by the laws of the State of Hawaii, and the Parties agree to submit to the jurisdiction of First Circuit Court of the State of Hawaii.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as set forth below:

_____          Date: _6/3/08_____

J.P. SCHMIDT, in his capacity as
Liquidator and Trustee of the PGMA
Liquidating Trust

7

_[signature]_                    Date: 6/10/08

_Dayton Nakanelua_
Authorized Representative of
United Public Workers, AFSCME, Local 646, AFL-CIO

**APPROVED AS TO FORM:**

_[signature]_                    Date: 6/10/08

CHARLES PRICE, ESQ.
Attorney for Third-Party Defendant
United Public Workers, AFSCME, Local 646, AFL-CIO

_____          Date: _____

WENDELL H. FUJI, ESQ.
CLIFFORD K. HIGA, ESQ.
LANSON K. KUPAU, ESQ.
Attorneys for Plaintiff J.P. SCHMIDT,
in his capacity as Liquidator and Trustee
of the PGMA Liquidating Trust

8

_____                Date: _____

Authorized Representative of
United Public Workers, AFSCME, Local 646, AFL-CIO


**APPROVED AS TO FORM:**

_____                Date: _____

CHARLES PRICE, ESQ.
Attorney for Third-Party Defendant
United Public Workers, AFSCME, Local 646, AFL-CIO


_____                Date: 6.11.08
WENDELL H. FUJI, ESQ.
CLIFFORD K. HIGA, ESQ.
LANSON K. KUPAU, ESQ.
Attorneys for Plaintiff J.P. SCHMIDT,
in his capacity as Liquidator and Trustee
of the PGMA Liquidating Trust

8

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| J.P. SCHMIDT, in his capacity as Insurance Commissioner of the State of Hawaii, | S.P. NO. 97-135 EEH (Special Proceeding) |
| Petitioner, | NOTICE OF HEARING MOTION AND CERTIFICATE OF SERVICE |
| vs. | |
| PACIFIC GROUP MEDICAL ASSOCIATION, a Mutual Benefit Society, | |
| Respondent. | |

## NOTICE OF HEARING MOTION

To:  Robert Morris
     2705 Akalani Lp.
     Pukalani, HI 96768

     Mr. Stephen Correa
     P.O. Box 34
     Pahoa, HI 96778

State of Hawaii
Department of the
    Attorney General
c/o David A. Webber, Esq.
c/o Dwight Nadamoto, Esq.
Deputy Attorney General
425 Queen Street
Honolulu, HI 96813

Queen's Medical Center
c/o John Nitao, Esq.
1301 Punchbowl Street
Harkness Bldg.
Honolulu, HI 96813

Kuakini Medical Center
Kapiolani Medical Center
Kauai Medical Clinic
Kapiolani Medical Center at
    Pali Momi
Wilcox Memorial Hospital
Straub Clinic & Hospital
c/o Wesley Y.S. Chang
55 Merchant Street
Suite 2800
Honolulu, HI 96813

Bruce Glen, PH.D., CSAC
c/o Dennis Niles, Esq.
Paul Johnson Park & Niles
2145 Kaohu St., Suite 203
Wailuku, HI 96793

Florence T. Nakakuni, Esq.
Assistant United States Attorney
    for the District of Hawaii
PJKK Federal Building
300 Ala Moana Blvd., Rm 6100
Honolulu, HI 96850

Express Scripts
c/o Ms. Kathleen Timmerberg
13900 Riverport Drive
Maryland Heights, MO  63043

Charles Price, Esq.
1001 Bishop Street
Pauahi Tower, Suite 2600
Honolulu, HI 96813
Attorney for Robin Sabatini

NOTICE IS HEREBY GIVEN that the LIQUIDATOR'S MOTION FOR ORDER AND

FINAL JUDGMENT APPROVING LIQUIDATOR'S SETTLEMENTS WITH (1) FOUR

WINDS RSK, INC., AULI'I, INC. AND ROBIN HAUNANI RODRIGUES SABATINI AND

(2) UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO shall come on for hearing

before the Honorable Elizabeth Eden Hifo, Judge of the above-entitled Court, in her courtroom at

Kaahumanu Hale, 777 Punchbowl Street, Honolulu, Hawaii, on _Wednesday, September 17,_

2008, at _9:00 A._m., or as soon thereafter as counsel may be heard.

DATED:  Honolulu, Hawaii, July 30, 2008.

WENDELL H. FUJI
CLIFFORD K. HIGA
LANSON K. KUPAU

Attorneys for the Liquidator

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with the Order Granting

Liquidator's Motion to Revise Service and Notice List filed and entered on October 14, 2004 a copy

of the foregoing Motion **will be served by mail** on the above-identified persons at their respective

addresses on the date of filing.

DATED:  Honolulu, Hawaii, July 30, 2008.

WENDELL H. FUJI
CLIFFORD K. HIGA
LANSON K. KUPAU

Attorneys for the Liquidator

2